UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELMORE NICHOLS,

       Petitioner,

v.                                   Case No. 21-12372
                                    Honorable Linda V. Parker

MELINDA BRAMAN,

       Respondent.
_____/

**OPINION AND ORDER DENYING WITHOUT PREJUDICE
PETITIONER'S MOTION FOR APPOINTMENT
OF COUNSEL (ECF NO. 7)**

On September 28, 2021, Petitioner Elmore Nichols filed a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (ECF No. 1.)  The pleading challenges Petitioner's conviction in Wayne County Circuit Court in Michigan for first-degree home invasion, Mich. Comp. Laws § 750.110a(2).  Petitioner raises six claims about the state trial court's rulings and procedures and Petitioner's trial and appellate counsel.  (*Id.* at Pg ID 16-28.)  Presently before the Court is Petitioner's motion for appointment of counsel.  (ECF No. 7).

The Court allowed Petitioner to proceed *in forma pauperis*.  (ECF No. 3.)  When a habeas petitioner is financially eligible, a federal court has the discretion to appoint counsel in the interests of justice.  18 U.S.C. § 3006A(a)(2)(B).

Nevertheless, a habeas petitioner does not have a constitutional right to the assistance of counsel. *See Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002).

Habeas petitions are considered civil cases, and "[t]he appointment of counsel in a civil proceeding . . . is justified only in exceptional circumstances." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). When determining whether "exceptional circumstances exist, courts typically consider 'the type of case and the ability of the plaintiff to represent himself.'" *Id.* (quoting *Archie v. Christian*, 812 F.2d 250, 253 (5th Cir. 1987)). Courts may also consider whether "a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim." *Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 788 (E.D. Mich. 2004) (citing *Johnson v. Howard*, 20 F. Supp. 2d 1128, 1129 (W.D. Mich. 1998)).

In his motion for appointment of counsel, Petitioner alleges that he suffers from diabetic retinopathy, which limits his ability to litigate his claims effectively. (ECF No. 7 at Pg ID 117-18). Petitioner further alleges that, after contracting COVID-19 in January 2020, his medical condition worsened; he experienced temporary blindness in his right eye and blurred vision in his left eye. (*Id*. at Pg ID 118.) He states that he is unable to retain counsel and that his severe vision problem in both eyes is an extraordinary circumstance which warrants appointment

2

of counsel to assist him in presenting his claims and in filing a reply to Respondent's answer. (*Id.* at Pg ID 119-20.)

Despite these serious allegations, Petitioner has sufficiently articulated the factual and legal basis for the claims in his habeas petition. Additionally, the Court recently granted Petitioner until September 23, 2022, to file a reply to Respondent's answer. (*See* ECF No. 12.) Finally, even though the appointment of counsel is mandatory in a habeas action "if the district court determines that an evidentiary hearing is required," *Lemsehko*, 325 F. Supp. 2d at 787 (citing *Swazo v. Wyoming Dep't of Corrections,* 23 F.3d 332, 333 (10th Cir. 1994)), the Court cannot determine whether an evidentiary hearing is necessary until it thoroughly reviews the pleadings and Rule 5 materials. At this time, the interests of justice do not require the appointment of counsel. *See* 18 U.S.C. § 3006A(a)(2)(B).

Accordingly,

**IT IS ORDERED** that Petitioner's motion for appointment of counsel (ECF No. 7) is **DENIED WITHOUT PREJUDICE**. The Court will reconsider Petitioner's motion, if necessary, after its review of the pleadings and the Rule 5 materials.

**IT IS SO ORDERED.**

s/ Linda V. Parker<br>LINDA V. PARKER<br>U.S. DISTRICT JUDGE

Dated: May 26, 2022

3

4

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 26, 2022, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan<br>
Case Manager