UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELMORE NICHOLS, JR.,

        Petitioner,

                        Civil Case No. 21-12372

                        Honorable Linda V. Parker
                        United States District Judge

MELINDA BRAMAN,

        Respondent.

_____/

## ORDER DENYING PETITIONER'S MOTION FOR
## AN EVIDENTIARY HEARING [ECF No. 16]

Elmore Nichols, Jr. ("Petitioner"), an individual incarcerated at the Ionia

Maximum Correctional Facility in Ionia, Michigan, filed a *pro se* petition for a writ

of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in the

Wayne County Circuit Court for first-degree home invasion, Mich. Comp. Laws §

750.110a(2).  (ECF No. 1.)  Petitioner raises six claims about the state trial court's

rulings and procedures and Petitioner's trial and appellate counsel.  (*Id*. at PgID

16-28).  Respondent filed an answer to the petition and the state-court record.

(ECF No. 9.)  This matter is presently before the Court on Petitioner's motion for

an evidentiary hearing on his claims involving jury waiver, ineffective assistance

of trial counsel, and denied request for DNA testing.  (ECF No. 16.)  Petitioner

asserts that an evidentiary hearing is necessary to develop the record because the state courts did not reach the merits of these claims and further evidence is necessary to properly resolve them.

Under the Rules Governing Section 2254 cases, the respondent is required to submit all transcripts and documents relevant to the determination of the habeas petition when the answer is filed. *See* Rule 5, 28 U.S.C. foll. § 2254. The Court may require that the record be expanded to include additional relevant materials. *See* Rule 7, 28 U.S.C. foll. § 2254. The Court may also determine whether an evidentiary hearing is required after the answer and the state court record are filed. *See* Rule 8, 28 U.S.C. foll. § 2254. Under the federal habeas statute, facts determined by a state court are presumed correct absent clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1). An evidentiary hearing is available under that rule only when the claim relies upon a new rule of constitutional law or a new factual predicate and the facts underlying the claim would show by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty. *Id.* § 2254(e)(2).

The Court has yet to review this case in detail. Upon preliminary review, however, the Court finds that an evidentiary hearing under Rule 8 or 28 U.S.C. § 2254(e) is unnecessary. The Petitioner has filed pleadings in support of his claims and the Respondent has submitted the relevant state-court record. Moreover, the

2

United States Supreme Court has made clear that federal habeas review under 28 U.S.C. §2254(d) is "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). The Petitioner is thus precluded from injecting information that was not presented to the state courts into this proceeding. The Court, however, shall bear in mind Petitioner's request. Should the Court determine, upon further review, that an evidentiary hearing is needed for the proper resolution of this case, it will enter an appropriate order. Further motions are not required.

Accordingly,

**IT IS ORDERED** that Petitioner's motion for evidentiary hearing (ECF No. 16) is **DENIED WITHOUT PREJUDICE.**

**SO ORDERED.**

> s/ Linda V. Parker
> LINDA V. PARKER
> U.S. DISTRICT JUDGE

Dated: June 12, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 12, 2023, by electronic and/or U.S. First Class mail.

> s/Aaron Flanigan
> Case Manager

3